## WISCHMEYER et v SIEBENECK et

Ohio Appeals, 3rd Dist, Putnam Co

No 273. Decided April 18, 1933

A. A. Slaybaugh for plaintiffs in error other than A. N. Weckerly, and E. Donald DeMuth, Toledo, for plaintiff in error A. N. Weckerly.

B. A. Unverferth, Ottawa, for defendants in error.

**OPINION**

By GUERNSEY, J.

There are a number of assignments of error in each of the petitions in error, but the only errors pointed out in the briefs, stated in non-technical language, are that there is no evidence or that there is insufficient evidence to prove the existence of a partnership between the parties, or of the authority of the persons who borrowed the money and purchased the real estate and property, to act on behalf of the other parties to the case.

Under the provisions of §12248, GC, and the rules of practice of this court, only the errors pointed out in the briefs will be considered, except that the court will of its own initiative consider certain errors in computation and in the determination of liability hereafter mentioned.

The case was submitted on evidence offered on behalf of the plaintiffs, the defendants offering no evidence. This evidence is to the effect that some of the parties were stockholders in The Pfahler Manufacturing Company, of Leipsic, Ohio, an Ohio corporation, and that each of the parties had an interest in certain mortgage liens on the property of said company; that said company was adjudicated a bankrupt and the property turned over to a trustee in bankruptcy sometime during the year 1928; that some time after the adjudication there was a meeting held at the home of John Siebeneck, one of the plaintiffs, at which all of the parties were present, for the purpose of considering the purchase of the real estate and certain personal property of the bankrupt, and at this meeting it was agreed by all the parties that they should purchase said real estate and property, and the plaintiff John Siebeneck was appointed agent for all the parties to carry such purpose into effect; that it was also agreed by all the parties that the money for the making of said purchase should be borrowed, and an agreement in writing was signed by all the parties to go on a note for the sum of $7471.00 to provide funds for the purchase of the property; that subsequent to the meeting, to-wit, on December 31, 1928, a number of the parties borrowed the sum of $8000.00 on their own note to provide funds for the purchase of said property, it having been discovered during the period between the date of the meeting above mentioned and said date, that the sum which the parties had originally contemplated borrowing would be insufficient for the purpose; said property was thereafter purchased and deed was executed to all the parties therefor, on July 17, 1929; that between the date of the first meeting of the parties and the date of the deed, and also after the date of the deed, other meetings were held by the parties in connection with the proposed purchase of said property, the payment of the taxes thereon and other expenses in connection therewith, and also as to the sale of the real estate and property and the authorization of the plaintiff John Siebeneck and other of the parties to proceed therewith; that the said John Siebeneck and other of the parties, between the date of the first meeting and the date of the deed

and subsequent thereto, expended certain of their own funds in carrying out such purpose, for which they were reimbursed, as hereafter mentioned; that some of the parties attended all of these meetings, and that all of the parties, with the exception of the defendant A. N. Weckerly, attended some of the meetings, and that the defendant A. N. Weckerly attended the first meeting; and that shortly before May 8, 1929, being the date of the indorsement of a $2000.00 payment on said note after a great part of said expenses had been incurred, each of the parties indorsed and delivered to the said John Siebeneck, the checks issued to said parties respectively by the trustee in bankruptcy for said company for dividends due them on their respective interests in mortgage liens against property of said bankrupt in the amounts following, to-wit:

| | |
|---|---|
| Henry Wischmeyer | $339.56 |
| Theodore Luttfring | 339.56 |
| Al Schoeder | 339.56 |
| Roy Jacobs | 339.56 |
| August Nuveman | 339.56 |
| John Siebeneck | 339.56 |
| Joseph Nuveman | 339.56 |
| John Nadler | 339.56 |
| Henry Inkrott | 339.56 |
| Henry Kohls | 339.56 |
| Henry Schroeder | 8.56 |
| Joe Schroeder | 8.56 |
| Lawrence Baumeier | 8.56 |
| A. N. Weckerly | 8.56 |
| John M. Wyant | 8.56 |
| Andy Ellerbrock | 8.56 |
| William Q. Pfahler | 8.56 |

for use and which were actually used and applied toward the payment of said note and other expenses in connection with the purchase of said real estate and attempted sale of the same, including the reimbursement of John Siebeneck and other of said parties for money advanced by them for expenditures as above mentioned.

The evidence is further to the effect that on May 7, 1931, the defendant William Q. Pfahler commenced an action in the Common Pleas Court of Putnam County, Ohio, asking for the partition and sale of the property so obtained by the parties, and that such proceedings were had in such cause that said property was purchased by the plaintiffs for the sum of $3405.00, and that a deed therefor was duly made and delivered by the sheriff to the plaintiffs on August 11, 1931; and that on said date there was a balance then owing on said promissory note, and for interest thereon, the sum of $7095.28, which was paid by plaintiffs.

There is no evidence that any of the parties other than Pfahler, are insolvent or non-resident.

In the opinion of the court the evidence is sufficient to prove the existence of a partnership between the plaintiffs and defendants, and the liability of defendants to plaintiffs for a partnership accounting and contribution. The fact that the money for the purchase of the real estate was not borrowed in the manner or in the amount contemplated at the first meeting of the parties, does not alter the legal liabilities of the defendants, as the borrowing of the money was only incidental to the main purpose of the parties and such modification was either authorized or ratified at subsequent meetings of the parties by the indorsement and delivery of the dividend checks for the modified purpose subsequent to the borrowing of the money, and as to such of the parties as did not attend any of the meetings subsequent to the first meeting, the indorsement and delivery of the dividend checks for the purpose mentioned, was of itself a sufficient ratification of the modified agreement, to fix liability of such party. And as between the parties, it does not make any difference whether the money borrowed is considered as being borrowed for all of the parties or as borrowed only by the persons executing the note and contributed by them to the capital, as the liability for contribution would be the same.

We therefore find no error in the decision of the lower court holding the defendants liable for an accounting and for contribution except that there should have been no finding and judgment against the defendant William Q. Pfahler, as the petition of the plaintiffs as against him had been dismissed.

We do, however, find error in the computation of the liability and in the finding and judgment of joint and several liability of the defendants in the following particulars:

At the time of the purchase of the real estate and property by the parties there was owing on the note given for money borrowed, the sum of $7095.28, paid by plaintiffs. Certain of the parties had, out of their own funds, made expenditures in connection with the purchase and maintenance of the property and attempted sale of same. These items of expenditure aggregated the sum of $2341.33 for which

the parties advancing the same, as shown by the petition and the evidence has been reimbursed out of the proceeds of dividend checks. As the parties had already received reimbursement for these expenditures, the court erred in including this amount with the amount owing on the note to ascertain the amount of the loss. Included in the items of expenditure above mentioned, were certain items aggregating the sum of $104.74 of the plaintiff John Siebeneck which were on his own account and not chargeable to the partnership, and for which the plaintiff John Siebeneck received reimbursement to which he was not entitled and which should be credited on the amount for which plaintiffs claim contribution.

In determining the rights and liabilities of the parties for a partnership accounting and for contribution, the following rules must be applied:

1. The shares of partners are presumed to be equal when nothing appears to the contrary, and therefore in the absence of any stipulation or other evidence from which an agreement on the subject may be inferred, all of the partners will be adjudged entitled to share equally in the profits and be required equally to bear the losses. 20 R.C.L., page 1023.

2. In the adjustment of advances between the members of a partnership, a deficit in the capital should be treated the same as any other loss, and the amount of such deficit should be divided equally among the members. 20 R.C.L. 1022.

3. Contribution should ordinarily be made in the same proportions that apply to sharing of profits. The entire contribution will be divided among the solvent resident partners where some of the members of the firm are insolvent or outside the jurisdiction. But to hold his co-partners for more than their proportionate share as members of the full firm, the suing partner must prove the facts taking the case out of the general rule of ratable contribution. 47 C.J., 811.

Applying these rules to the facts, it will be seen that the liability of each of the defendants for contribution is separate and distinct from the liability of the other defendants, and the rendition of a joint judgment against the defendants was erroneous.

Correcting the errors in computation and determination of liability above mentioned, the following computation accurately sets forth the amount of the liability of each defendant.

Amount advanced by plaintiff to capital of partnership by way of payment of balance owing on note on August 11, 1931 .......$7095.28
Items for which John Siebeneck of plaintiffs was erroneously reimbursed from funds of partnership, and for which partnership is entitled to reimbursement:—March 8, 1929, tire and tube, $12.34; June 29, 1929, new tire, $12.34; Feb. 1, 1930, tax, $51.38; May 8, 1931, tire and tube, $12.34; June 28, 1931, tire, $12.34; Total .............. 100.74

Balance ......... ............$6994.54
Proceeds of sale of property in partition proceedings on August 11, 1931, used to reimburse plaintiffs for amount advanced for payment of note .................. 3405.00

Net advancement by plaintiffs ... 3599.54
Interest on this amount, August 11, 1931, to April 15, 1933 .......... 362.34

Total ................... ...... 3961.88
Aggregate of advances by all parties plaintiffs and defendants by way of dividend checks ....,..... 3455.52
Total advancements to capital for which reimbursement has not been made and which represents the loss sustained by all parties 7417.40
Advancement made by William Q. Pfahler by way of dividend check which is deducted in order to ascertain loss of other parties to case, Pfahler having been dismissed from case .............. 8.56

Loss ............... ... ........7408.84

There were originally seventeen members of the partnership, but as the defendant William Q. Pfahler was dismissed from the case because of bankruptcy, the loss must be borne by the other sixteen in equal shares, which makes the share of each $463.05. The defendants Henry Wischmeyer, Theodore Luttfring, Al Schroeder and Roy Jacobs each contributed to the capital of the corporation by way of dividend checks, the sum of $339.56, so that there is now due from each of them to the plaintiffs, to equalize their contributions with the contributions made by the plaintiffs and to make up the deficit, the sum

of $123.49; and the defendants Henry Schroeder, Joe Schroeder, Lawrence Baumier and A. N. Weckerly each contributed $8.56 in the same manner, so that there is due from each of them to the plaintiffs the sum of $454.52.

Pursuant to and by virtue of the power conferred on this court to modify the judgment of the lower court, the judgment of the Common Pleas Court will be modified in such manner that a several judgment will be rendered by this court against each defendant in favor of the plaintiffs in the amount heretofore found due from such defendant, and one half the costs will be adjudged against the plaintiffs and one half against the defendants, and entry will be made accordingly.

CROW, PJ, and KLINGER, J, concur.